IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALVIN L. HEWETT, also known as ) <br> MARQUES AL-BEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JUDGE CATHERINE EAGLES, ) <br> JUDGE WILLIAM Z. WOOD, JR., ) <br> and JUDGE DENISE S. HARTSFIELD, ) <br> ) <br> Defendants. ) | 1:07CV00089 |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On February 6, 2007, Plaintiff Alvin L. Hewett, also known as Marques Al-Bey, submitted a *pro se* complaint to this Court. (Pleading No. 1.) Plaintiff names as defendants Catherine Eagles, the senior resident superior court judge for North Carolina's eighteenth judicial district; William Z. Wood, Jr., a resident superior court judge for North Carolina's twenty-first judicial district; and Denise S. Hartsfield, a district court judge for North Carolina's twenty-first judicial district.

Plaintiff's one paragraph statement of claim asserts that a motion raising a claim of "Common Law Citizen" was not addressed and that jurisdiction was never established by the court. He does not identify the court or proceedings giving rise to these allegations. He further alleges that no valid complaint or indictment stating that he had committed a crime under the common law ever was produced. Plaintiff asks this Court to intervene to dismiss

charges against him with prejudice. Plaintiff seeks unspecified declaratory and injunctive relief. He also seeks compensatory and punitive damages "for the violation of Constitutional Rights, Privileges, Immunities and Exemptions during this ordeal," but fails to identify any specific federal constitutional rights that have been violated by any of the Defendants.

Plaintiff purported to serve the defendants by certified mail addressed to each named Defendant at P.O. Box 20099, Winston-Salem, North Carolina 27120-0099, the address for the judges' chambers at the Hall of Justice for Forsyth County. Summons were issued on February 7, 2007, and received at the above office on February 9, 2007, without copies of the Complaint.

Defendants have filed a motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. (Pleading No. 5.) Plaintiff has responded to the motion.

**Analysis**

Defendants first argue that the action should be dismissed for jurisdictional defects created by insufficient service of process. Pursuant to Rule 4 of the Federal Rules of Civil Procedure, "[s]ervice upon a state . . . or other governmental organization subject to suit shall be effected by delivering a copy of the summons and complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Fed. R. Civ. P. 4(j)(2).

Each of the named Defendants is a state judicial officer within North Carolina's General Court of Justice. Rule 4(j)(4) of the North Carolina Rules of Civil Procedure requires that service be made on an officer of the State by delivery of process to that officer's designated agent or, absent designation of an agent, delivery of process to the Attorney General of North Carolina. Plaintiff's attempted service on these Defendants, by certified mail to the Forsyth County Hall of Justice, is clearly insufficient. Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

Defendants further argue that Plaintiff fails to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). Such motions are granted only when, taking plaintiff's allegations as true, "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [Plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991).

The Supreme Court has interpreted Rule 8 as requiring only "notice pleading," so that a defendant need only receive from the complaint fair notice of the claim and the ground on which the claim rests. *Conley*, 355 U.S. at 47. *Pro se* complaints are entitled to particularly liberal construction. *See Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977). Notwithstanding this generally liberal approach, a plaintiff's pleading obligations in federal court, while

-3-

Case 1:07-cv-00089-TDS-PTS   Document 9   Filed 05/04/07   Page 3 of 5

minimal, are not toothless.  Even a *pro se* plaintiff must, directly or indirectly, allege facts that satisfy each element of some actionable legal theory.  *See Dickson v. Microsoft Corp.*, 309 F.3d 193, 212 (4th Cir. 2002); *Conner v. R.H. Barringer Distrib. Co.*, 152 F. Supp. 2d 856 (M.D.N.C. 2001). Plaintiff must allege facts, either directly or indirectly, that satisfy each element required to recover under some actionable legal theory.  *See Dickson*, 309 F.3d at 212. Unwarranted factual deductions, inferences and legal conclusions masquerading as fact do not defeat a Rule 12(b)(6) motion.  *Faulkner Adver. Assocs., Inc. v. Nissan Motor Corp.*, 945 F.2d 694, 695 (4th Cir. 1991).

Plaintiff appears to assert that he has a federal constitutional right to claim common law citizenship and need not adhere to state statutes and legal process.  Plaintiff's conclusion that Defendants' refusal to recognize his claim is unconstitutional lacks any legal basis.  Moreover, the actions of state judicial officers are entitled to absolute immunity, and monetary claims against the State of North Carolina and its officials are barred by the Eleventh Amendment to the United States Constitution. *Bradley v. Fisher*, 80 U.S. 335 (1871); *Kentucky v. Graham,* 473 U.S. 159 (1985); *Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976).  As Plaintiff has failed to allege a viable legal claim against Defendants that is not barred by judicial or Eleventh Amendment immunity, Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Finally, there being no basis for federal question or diversity of citizenship jurisdiction, Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

**Conclusion**

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss (Pleading No. 5) be granted and that this action be dismissed with prejudice.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: May 4, 2007